UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE BLOOMER, and GG
BLOOMER MINISTRIES,

        Plaintiffs,                           Case No. 22-12433

v.                                           Honorable Nancy G. Edmunds

THE WORD NETWORK OPERATING
COMPANY, INC., KEVIN ADELL, and
CHURCH OF THE WORD,

        Defendants.

_____/

**ORDER DENYING DEFENDANTS' MOTION TO CONSOLIDATE CASES [23]**

This is a race discrimination case brought by Plaintiffs George Bloomer ("Bloomer) and GG Bloomer Ministries against Defendants, The Word Network Operating Company, Church of the Word, and Kevin Adell ("Adell"). Among other things, Plaintiffs allege that Adell sent Bloomer multiple text messages that constituted racial discrimination, harassment, and retaliation in violation of 42 U.S.C.§ 1981. (*See Amended Complaint*, ECF No. 17.) Plaintiffs also bring three state-law claims for breach of contract, unjust enrichment, and quantum meruit. (*Id.*)

A few weeks after Plaintiffs filed their complaint in the present case, Defendant Church of the Word filed a separate case against Bloomer in which it asserts state-law claims of common-law misrepresentation/fraud and silent fraud (hereinafter, the "Companion Case"). (*See Church of the Word v. Bloomer*, E.D. Mich. Case No. 22-12687, ECF No. 11.) There, Church of the Word accuses Bloomer of purposely concealing two sexual assault of a minor events that he had purportedly committed between 25 and 30

1

years ago. As a result, Church of the Word argues, it should be granted "full rescission of any and all business arrangements between [itself] and Bloomer. . . ." (*Companion Case*, ECF No. 11.) The Companion Case was subsequently reassigned to the undersigned.

Before the Court is Defendants' motion to consolidate the two cases. (ECF No. 23.) Plaintiffs filed a response in opposition to Defendant's motion and asked for sanctions due to Defendant's purported violation of Eastern District of Michigan Local Rule 7.1(a).[1] (ECF No. 26.) Defendants filed a reply. (ECF No. 27.) For the following reasons, Defendants' motion is DENIED.

Federal Rule of Civil Procedure 42(a)(2) authorizes the Court, at its discretion, to consolidate cases involving "a common question of law or fact." Fed. R. Civ. P. 42(a)(2); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). As the Court makes its decision, "care must be taken that consolidation does not result in unavoidable prejudice or unfair advantage." *Cantrell*, 999 F.2d at 1011. The Court must also consider:

> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

*Id.* (citing *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985)).

"Conservation of judicial resources is a laudable goal. However, if the savings to the

---

[1] Local Rule 7.1(a) requires the parties to confer before filing a motion in order to ascertain whether the motion will be opposed or whether its goal may be accomplished by stipulated order. The Court declines to sanction Defendants at this time, but cautions all parties that it may issue sanctions in the future if there is no good faith attempt to obtain concurrence from opposing parties before filing a motion.

2

judicial system are slight, the risk of prejudice to a party must be viewed with even greater scrutiny." *Id.*

Here, Defendants argue this case has "one or more common questions of fact or law" because the parties and underlying factual history are the same in both cases. (ECF No. 23, PageID.372.) Moreover, they argue that if the claims in the Companion Case are adjudicated in Church of the Word's favor, that this would "destroy or nullify enforcement of the underlying 'contract' claims" in the present case. (*Id.*) Defendants also claim that consolidation of these cases would offer efficiency and convenience as to both discovery and a single trial.

In response, Plaintiffs argue that the claims, evidence, and relevant timelines involved in each case are distinct and do not overlap. (ECF No. 26.) Thus, they assert that there are no common questions of fact or law. Alternatively, they argue that even if the Court did find commonality between the two cases, consolidation would pose a substantial risk of unfair prejudice.

The Court agrees with Plaintiffs in that it finds that any benefit of consolidation would be outweighed by a substantial risk of "unavoidable prejudice" to Plaintiffs. *See Cantrell*, 999 F.2d at 1011. In order to prevail in the Companion Case, Church of the Word would be required to prove that Bloomer sexually assaulted the minor victims as alleged. Such evidence has potential to be disturbing and a fair-minded juror could have a difficult time separating that evidence from that which supports Plaintiffs' claims of discrimination and harassment. Consolidating the cases and allowing Defendants to present evidence of Bloomer's purported sexual assault to a jury therefore substantially increases the

possibility that the jury's decision in the present case would not be based on the merits of Plaintiffs' claims.

For this reason, Defendant's Motion To Consolidate Cases (ECF No. 23) is **DENIED.**

**SO ORDERED.**

                                                s/ Nancy G. Edmunds
                                                Nancy G. Edmunds
                                                United States District Judge

Dated: April 27, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 27, 2023, by electronic and/or ordinary mail.

                                                s/ Lisa Bartlett
                                                Case Manager