UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE BLOOMER, and GG
BLOOMER MINISTRIES,

        Plaintiffs,

v.

THE WORD NETWORK OPERATING
COMPANY, INC., KEVIN ADELL, and
CHURCH OF THE WORD,

        Defendants.

_____/

Case No. 22-12433

Honorable Nancy G. Edmunds

Magistrate Judge David R. Grand

**<u>ORDER OVERRULING DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL DISCOVERY [56]</u>**

      This is a race discrimination case brought by Plaintiffs George Bloomer and GG Bloomer Ministries against Defendants The Word Network Operating Company, Church of the Word, and Kevin Adell. Among other things, Plaintiffs allege that Adell sent Bloomer multiple text messages that constituted racial discrimination, harassment, and retaliation in violation of 42 U.S.C.§ 1981. On December 8, 2023, Magistrate Judge David R. Grand granted in part and denied in part Plaintiffs' motion to compel discovery. Before the Court is Defendants' Rule 72(a) objection to that Order. (ECF No. 56.) Because Defendants fail to show there was any clear error in the magistrate judge's ruling, their objection is overruled.

      Under 28 U.S.C. § 636(b)(1), a magistrate judge has the authority "to hear and determine any pretrial matter pending before the court," with the exception of certain dispositive motions. 28 U.S.C. § 636(b)(1)(A). Federal Rule of Civil Procedure 72

1

allows parties fourteen days after service of an order entered by a magistrate judge to file their objections to the order. Fed. R. Civ. P. 72(a). The act of filing objections, however, does not stay the force of the magistrate judge's order, which "remains in full force and effect." E.D. Mich. LR 72.2. Upon receiving an objection, the Court reviews an order by a magistrate judge on a nondispositive matter to determine whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (stating that upon receipt of timely objections, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law"); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). A decision is "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). Where there are two plausible views, a decision cannot be "clearly erroneous." *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985).

The Court agrees with the magistrate judge's decision to grant Plaintiffs' request and compel the disclosure of text messages sent to or received by Kevin Adell during a specified period and containing certain terms.[1] Defendants argue in their objection, as they did before the magistrate judge, that Plaintiffs' request is designed to harass Adell and that his personal text messages with individuals outside of the workplace are

---

[1] The relevant request seeks all text messages sent to or received by Kevin Adell from 2016 to 2019 that contain at least one of the following terms: "Bloomer"; "pimp"; "noose"; "nigg!"; "slave"; "pimp"; "racism"; "racist"; "negro!"; "black ass"; "race"; "racial"; "blackface"; "black face"; "discrim!"; "harass!"; "retal!"; "hostil!"; "EEOC"; and "inappropriate." In addition, it seeks all text messages that include both "fir!" and "Bloomer" during the same time period. (ECF No. 55, PageID.945.)

2

not relevant to Plaintiffs' racial discrimination, harassment, and retaliation claims. (ECF No. 56, PageID.954-55.) The magistrate judge considered these arguments in his order and rejected them finding Plaintiffs' request to be narrowly tailored to search for communications that would support the contention that Adell holds racial animus against African Americans. (ECF No. 55, PageID.946.) In making that conclusion, the magistrate judge relied upon *Johnson v. Kroger Co.*, 319 F.3d 858, 868-69 (6th Cir. 2003) (evidence of biased remarks and racial jokes in workplace are relevant to plaintiff's intentional discrimination claim) and *Mays v. United Ass'n Local 290 Apprenticeship and Journeyman Training Trust Fund*, 407 F. Supp. 3d 1121, 1144 (D. Or. 2019) ("[e]vidence of racist statements that are not directed toward a plaintiff can still be deemed direct evidence of discriminatory animus"), among other cases.

Defendants argue that the cases cited by the magistrate judge are not analogous to the present case because they concerned communications that were limited to the workplace, whereas here, Plaintiffs seek to discover messages from both Adell's workplace and non-workplace communications. (ECF No. 56, PageID.959.) While Defendants are correct that the cases cited do not mirror the circumstances here in all respects, they fail to provide authority to support their contention that the magistrate judge should have reached a different result.

Accordingly, given the absence of authority to support Defendants' argument, the broad and liberal construction of Rule 26, and the authorities relied upon by the magistrate judge, the Court finds no clear error in the magistrate judge's ruling on this discovery issue. Should this matter proceed to trial, Defendants are free to raise similar

3

arguments with respect to individual pieces of evidence they believe are not relevant to Plaintiffs' claims.

      **SO ORDERED.**

                                            s/ Nancy G. Edmunds
                                            Nancy G. Edmunds
                                            United States District Judge

Dated: January 25, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 25, 2024, by electronic and/or ordinary mail.

                              s/ Lisa Bartlett
                              Case Manager