# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BISHOP GEORGE BLOOMER, Individually, and **GG BLOOMER MINISTRIES**, a Foreign Non-Profit Corporation,

Plaintiffs,

v.

THE WORD NETWORK OPERATING **COMPANY, INC**., a Foreign Profit Corporation, **CHURCH OF THE WORD,** d/b/a **THE WORD NETWORK CHURCH**, a Domestic Nonprofit Corporation, and **KEVIN ADELL**, Individually,

Defendants.

Case No. 2:22-cv-12433-NGE-DRG

Hon. Nancy G. Edmunds

**PLAINTIFFS' RESPONSES TO DEFENDANTS' SECOND REQUESTS FOR ADMISSION AND THIRD REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

Plaintiffs Bishop George Bloomer and GG Bloomer Ministries ("Plaintiffs") hereby submit their responses to Defendants' Discovery Requests to Plaintiffs.

## REQUESTS FOR ADMISSION

1. Admit that there is no single document which, on its own, constitutes the contract referenced in Plaintiffs' Amended Complaint that addresses Plaintiffs' use of WNC airtime.

**ANSWER: Admit**

2. Admit that there is no specific group of documents which, on their own, constitute the contract referenced in Plaintiffs' Amended Complaint that addresses Plaintiffs' use of WNC airtime.

**ANSWER: Admit**

3. Admit that there is no single document which, on its own, constitutes the contract referenced in Plaintiffs' Amended Complaint that addresses Defendants' sale of any of Plaintiffs' products, including but not limited to books, oils, shawls, DVDs and/or CDs, through WNC broadcasts.

**ANSWER: Admit**

4. Admit that there is no specific group of documents which, on their own, constitute the contract referenced in Plaintiffs' Amended Complaint that addresses Defendants' sale of any of Plaintiffs' products, including but not limited to books, oils,

shawls, DVDs and/or CDs, through WNC broadcasts.

**ANSWER: Admit**

5. Admit that there is no single document which, on its own, constitutes the contract referenced in Plaintiffs' Amended Complaint that addresses the sale of any of Defendants' products while Plaintiff was utilizing WNC's broadcasting platform, including but not limited to commissions or other compensation.

**ANSWER: Admit**

6. Admit that there is no specific group of documents which, on their own, constitute the contract referenced in Plaintiffs' Amended Complaint that addresses the sale of any of Defendants' products while Plaintiff was utilizing WNC's broadcasting platform, including but not limited to commissions or other compensation.

**ANSWER: Admit**

7. Admit that there is no single document which, on its own, constitutes the contract referenced in Plaintiffs' Amended Complaint that addresses any business relationship between or among either or both Plaintiffs and any Defendant(s).

**ANSWER: Admit**

8. Admit that there is no specific group of documents which, on their own,

constitute the contract referenced in Plaintiffs' Amended Complaint that addresses any business relationship between or among either or both Plaintiffs and any Defendant(s).

**ANSWER: Admit**

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all documents referred to, relied on, or identified in the answers to the above Requests for Admission.

**RESPONSE: None**

2. If Plaintiffs deny Request for Admission 1 or 2, produce the single document or specific group of documents which, on its/their own, constitutes the contract referenced in Plaintiffs' Amended Complaint that addresses Plaintiffs' use of WNC airtime.

**RESPONSE: None**

3. If Plaintiffs deny Request for Admission 3 or 4, produce the single document or specific group of documents which, on its/their own, constitute the contract referenced in Plaintiffs' Amended Complaint that addresses Defendants sale of any of Plaintiffs' products, including but not limited to books, oils, shawls, DVDs and/or CDs, through WNC broadcasts.

**RESPONSE: None**

4. If Plaintiffs deny Request for Admission 5 or 6, produce the single document or specific group of documents, which on its/their own, constitutes the contract referenced in Plaintiffs' Amended Complaint that addresses the sale of any of Defendants' products while Plaintiff was utilizing WNC's broadcasting platform, including but not limited to commissions or other compensation.

**RESPONSE: None**

5. If Plaintiffs deny Request for Admission 7 or 8, produce the single document or specific group of documents which, on its/their own, constitutes the contract referenced in Plaintiffs' Amended Complaint that addresses any business relationship between or among either or both Plaintiffs and any Defendant(s).

**RESPONSE: None**

6. Any and all communications, including but not limited to letters, emails, text messages, social media messaging, and phone records, between Plaintiff George Bloomer and James ("Jimmy") Battles regarding Bloomer's sexual assault of Battles and/or Battles's allegations that Bloomer sexually assaulted him, including any references to in-person or phone conversations.

**RESPONSE: Plaintiffs object to this request on the basis that it seeks documents that are not relevant to the claims or defenses in this case.**

Respectfully submitted,

MORGAN & MORGAN, P.A.

*/s/ Michael N. Hanna*
MICHAEL HANNA (P81462)
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

J. Corey Asay
HKM EMPLOYMENT ATTORNEYS LLP
312 Walnut Street, Suite 1600
Cincinnati, Ohio 45202
T: (513) 318-4496
F: (513) 318-4496
E: casay@hkm.com

*Attorneys for Plaintiffs*

**PROOF OF SERVICE**

The undersigned certifies that on February 2, 2024, the foregoing document was served electronically upon all attorneys of record.

*s/Michael N. Hanna*
*Counsel for Plaintiffs*