UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **GEORGE BLOOMER, ET AL.,**<br>**Plaintiffs,**<br>**v.**<br>**THE WORD NETWORK OPERATING COMPANY, INC., ET AL.,**<br>**Defendants.** | CASE NO. 2:22-cv-12433-SKD-DRG<br><br>Hon. Susan K. DeClercq |

**PLAINTIFFS' MOTIONS IN LIMINE**

Plaintiffs, Bishop Bloomer and GG Bloomer Ministries, by and through their undersigned counsel, hereby file the following Motions in limine.

## I. Claims not pursued in Trial or Other Cases

While Plaintiff believes these issues are addressed in the parties' Joint Final Pretrial Order, in an abundance of caution, plaintiffs make this motion in limine. As such, Plaintiff respectfully requests an order precluding admission of evidence or testimony of claims not being pursued at trial or other cases because any probative value of these issues is substantially outweighed by the danger of unfair prejudice, confusion, or a waste of time. *See* Fed.R.Evid. 403. This includes, for example, the lawsuit Word Network Church filed against Bishop Bloomer, and which has been

dismissed. *See Church of the Word d/b/a Word Network Church v. George Bloomer*, 2:22-cv-12687 (E.D. Mich.). Indeed, in this case Judge Edmonds previously ruled, in denying Defendants' Motion to Consolidate the two cases, that "any benefit of consolidation would be outweighed by a substantial risk of 'unavoidable prejudice' to Plaintiffs." ECF No. 29, PageID. 487. This also includes Plaintiff's express breach of contract claims, for which Plaintiffs are not seeking damages. Testimony concerning this claim would be irrelevant, confusing to the jury, and a waste of time.

## II. <u>Exclude the Testimony of Bishop Charles Ellis</u>

Defendants may call Bishop Charles Ellis, an African American Bishop, to testify as a character witness of his purported belief that Defendant Kevin Adell is not racist, and whether some of the comments made by Mr. Adell are culturally acceptable. *See* ECF No. 78, PageID.1269 ("As stated in Defendants' motion, Defendants mainly seek to add Ellis as a character witness.")

Under Federal Rule of Evidence 404(a), character evidence is inadmissible to prove that a person acted in accordance with a character trait on a particular occasion. Nor may a fact witness offer undisclosed expert-style opinions under Rule 702 or speculative opinions concerning another person's intent or state of mind. Any lay opinion must be rationally based on the witness's own perception and helpful to resolving a fact in issue. Fed.R.Evid. 701.

To the extent Defendants seek to offer evidence of Mr. Ellis's communications with Mr. Adell following the events at issue, Plaintiffs request a proffer outside the presence of the jury identifying: (1) the specific statement; (2) the non-hearsay purpose or hearsay exception; (3) the foundation; and (4) the relevance to a disputed issue.

## III. Unrelated "Bad Acts"

Plaintiff respectfully requests an order precluding Defendant from introducing or soliciting testimony related to purported unrelated "bad acts" concerning the Plaintiff. Such testimony and evidence should be excluded because it is irrelevant (FRE 402) and unfairly prejudicial (FRE 403). *See, e.g., Nichols v. American Nat. Ins. Co*., 154 F.3d 875, 884–85 (8th Cir. 1998) (error to admit evidence that six years before employment with defendant plaintiff had an abortion in violation of her religious beliefs).

## IV. Purported Performance Problems

Plaintiff was constructively discharged in this matter. Accordingly, testimony concerning any alleged performance problems are irrelevant, and should be excluded under Federal Rule of Evidence 403 because they are more prejudicial than probative, unduly confusing, and waste of trial time since they are completely irrelevant.

## V. <u>Evidence of Defendant's other "Good Deeds"</u>

It is anticipated that Defendants may attempt to bolster their defense by introducing evidence of other purported good deeds performed by one or more of the Defendants. Such evidence must be excluded under Federal Rule of Evidence 401 because they are irrelevant. To the extent any particular "good deed" might be relevant to this case, the Court should exclude them under Evidence Rule 403 because any probative value is substantially outweighed by a danger of unfair prejudice, misleading the jury, and a waste of time.

Respectfully submitted,

/s/ Michael N. Hanna
Michael N. Hanna (P81462)
Florida Bar No.: 85035
MORGAN & MORGAN, P.A.
150 W. Jefferson, Suite 1400
Detroit, MI 48226
Telephone: (313) 739-1950
Email: mhanna@forthepeople.com

*s/J. Corey Asay*
J. Corey Asay
HKM EMPLOYMENT
ATTORNEYS LLP
312 Walnut Street, Suite 1600
Cincinnati, Ohio 45202
T: (513) 318-4496
E: casay@hkm.com
*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2026, I filed the foregoing using the Court's CM/ECF system, which I understand will transmit notice to all counsel of record.

*s/J. Corey Asay*
J. Corey Asay