UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

BISHOP GEORGE BLOOMER, Individually,
and GG BLOOMER MINISTRIES,
Foreign Non-Profit Corporation,

Plaintiffs,

Case No. 2:22-cv-12433-NGE-DRG
Hon. Susan DeClercq
Magistrate Judge David R. Grand

v.

THE WORD NETWORK OPERATING COMPANY, INC., a Foreign Profit Corporation, CHURCH OF THE WORD d/b/a THE WORD NETWORK CHURCH, a Domestic Nonprofit Corporation, and KEVIN ADELL, Individually,

Defendants.

**MORGAN & MORGAN, P.A.**
Michael N. Hanna (P81462)
James McCoy (P81832)
2000 Town Center, Ste. 1900
Southfield, MI 48076
Telephone: (313) 251-1399
mhanna@forthepeople.com

**HKM EMPLOYMENT ATTORNEYS LLP**
J. Corey Asay
312 Walnut Street, Suite 1600
Cincinnati, OH 45202
casay@hkm.com
*Attorneys for Plaintiffs*

**BODMAN PLC**
John T. Below (P48677)
Amanda McSween Empey (P84594)
201 W. Big Beaver Road, Ste. 500
Troy, MI 48084
Telephone: (248) 743-6000
Facsimile: (248) 743-6002
jbelow@bodmanlaw.com
aempey@bodmanlaw.com

*Attorneys for Defendants*

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION IN LIMINE TO PRECLUDE INADMISSIBLE ARTICLES**

As an initial matter, Plaintiffs only oppose Defendants' motion as to two of the articles contained within Exhibit C. As such, the Court should preclude Exhibits A, B, and the unobjected to portions of Exhibit C for this reason alone.

In attempt to avoid the hearsay inherent to news articles, Plaintiffs characterize the Detroit NABJ article as a "letter" (ECF No. 104-4, PageID.3027) and the Change.org article as a "petition" (ECF No. 104-4, PageID.3075-3081). However, the NABJ "letter" was published online like a modern news article. Detroit NABJ posted it on Twitter to publicly call out Adell, and it was used as a launching point for even more articles.[1] Similarly, the "petition" was published online and contains a news-article-style (alleged) description of events. Due to the widespread publication of these documents on the internet, the same hearsay concerns inherent to news articles apply to these online publications – regardless of whether they are technically news articles or not. Moreover, the label is irrelevant because letters and petitions – a.k.a. out of court statements – are STILL HEARSAY if offered for the truth of the matter asserted.

Of course, Plaintiffs assert that they are not offering the letter and petition for the truth of the matter asserted. Instead, Plaintiffs assert that both are being offered to prove the following three facts: "the communal reaction to Adell's conduct, that

---

[1] https://www.christianpost.com/news/white-owner-of-word-network-refuses-to-apologize-for-controversial-meme-showing-pimping-of-black-pastors.html

Adell was made aware of the communal reaction to his conduct, and what he did about it." First, the supposed "communal reaction" is hearsay based on hearsay, because the authors of the letter/petition have no firsthand knowledge under FRE 602 of the Adell-Bloomer text message. Thus, any "communal reaction", necessarily transmitted by statements of protest or objection, contained within the letter/petition are hearsay based on hearsay. Second, none of these purported facts have any relevance to Plaintiffs' claims under §1981 for race discrimination, harassment, or retaliation – which all rise and fall on the question of whether Bloomer was subjected to a hostile work environment while he was at WNC and/or was constructively discharged. Monday afternoon quarterback style "articles" lend nothing to the question of what happened (or didn't) between Bloomer and Adell.

"For a constructive discharge claim, [Plaintiffs] must show that (1) [Defendant(s)] deliberately created intolerable working conditions, as perceived by a reasonable person, and (2) [Defendant(s)] did so with the intention of forcing the employee to quit." *Funk v. City of Lansing*, 821 Fed. App'x 574, 580 (6th Cir. 2020). Consequently, the relevant time period for evidence on Plaintiffs' § 1981 claims ends when Bloomer texted his resignation to Adell on September 16, 2019.[2] Therefore, the NABJ letter and the petition are both irrelevant to Bloomer's § 1981

[2] There may be evidence from a later date regarding Plaintiffs' alleged damages, but there is no indication that Plaintiffs intend to show these articles to establish damages.

claims because they were published after Bloomer left.[3] Logically, none of Plaintiffs' proposed facts regarding the "communal reaction" after Bloomer quit have any probative value as to whether Bloomer was subjected to a hostile work environment while he was at WNC or whether Defendants' intended to force Bloomer to quit before he quit. Nothing that happened after Bloomer quit is relevant to the jury's determination of Plaintiffs' § 1981 claims.

Plaintiffs' proffer of the employment law classic – did the Defendants "know or should have known about the harassment and failed to act" – is a red herring and inapplicable because the analysis on this hostile work environment claim factor[4] ends once Bloomer resigned. For a defendant to be liable for a hostile work environment, its "response to the plaintiff's complaints manifested indifference or unreasonableness in light of the facts the employer knew or should have known." *Waldo v. Consumers Energy Co.*, 726 F.3d 802, 814 (6th Cir. 2013). Importantly, "a response is adequate if it is reasonably calculated to end the harassment." *Id*. Once

[3] The NABJ letter is dated October 14, 2019 – a month after Bloomer left. The petition is undated, but it was clearly published after Bloomer left because it refers to Bloomer's resignation in the past tense: "As a result of the above actions, Bishop Bloomer made the decision to leave The Word Network."

[4] To prevail on a hostile work environment claim, Bloomer must prove that he (1) belonged to a protected group, (2) was subject to unwelcome harassment, (3) the harassment was based on race, (4) the harassment was sufficiently sever or pervasive to alter the conditions of employment and create an abusive working environment, and (5) Defendants knew or should have known about the harassment and failed to act. *Williams v. CSX Transp. Co., Inc.*, 643 F.3d 502, 511 (6th Cir. 2011).

Bloomer resigned, there was nothing for WNC and/or TWN to do to "respond" to Bloomer's complaints in such a way that might end the harassment because Bloomer only complained of Adell's behavior towards him specifically. Once Bloomer resigned, there was nothing for Defendants to do.[5]

Plaintiffs assert that the letter and petition are relevant to their claim that Bloomer suffered an objectively hostile work environment. But this only highlights that the documents are inadmissible hearsay: <u>Plaintiffs are offering the article and petition for the truth of the matter asserted</u>: <u>that the authors found Adell's actions objectively hostile</u>. The petition proclaims that Adell's actions are "blatant racism. Black-face, pimp and hoe imagery, boss aka "massa" comments … To ignore Bishop Bloomer's respectful request to end this line of text and comments is to ignore the dignity of the African-American community." Similarly, the authors of the letter states that they write "to condemn [Adell's] participation in the delivery of a tone deaf, racist meme that portrays ministers featured on your network in the vilest of stereotypes." These are laymen's terms for an objectively hostile work environment.

---

[5] Adell's deposition testimony regarding his "response" does not make either the petition or the letter admissible. Plaintiffs provide no authority for this assertion and nor could they. Simply because a deponent disputed the authenticity of a document at a deposition does not mean that is should be presented to the jury. Defendants do not intend on having Adell testify about the petition or the letter (or his objections to them) unless forced to rebut Plaintiffs' presentation of them as "evidence" of his alleged racism.

There can be no question that these hearsay statements are being offered for the truth of the matter asserted, despite Plaintiffs' attempts to recharacterize them as evidence of a community response. The Court should preclude the letter and petition as hearsay under FRE 801 and 802.

Finally, Court the letter and petition should be precluded under FRE 403 because any probative value is vastly outweighed by the prejudice these documents will have to Defendants and the risk of confusing the jury. Plaintiffs are trying to supplant the jury's determination of what is objectively hostile with the statements contained within the letter and petition. To properly determine whether a work environment is objectively hostile, the jury must consider "all the circumstances from the perspective a reasonable person in [Bloomer]'s position", including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with [Bloomer]'s work performance." *Nathan v. Great Lakes Water Auth.*, 992 F.3d 557, 568 (6th Cir. 2021). There is a substantial risk that the jury will adopt the views of the petition/letter authors and not fully consider the evidence from firsthand sources.[6] This risk of confusion is heightened because the

---

[6] Plaintiffs' reference to Judge Edmunds' Summary Judgment Opinion and Order is a red herring. While the petition and letter may have been referenced in the O&O, that has no bearing on whether they should be shown to a jury. What a judge may consider when assessing whether a jury may find something objectively hostile is entirely different than what is appropriate for the jury to actually consider. At the

petition states things that are blatantly contradicted by the documentary evidence. They go too far. For instance, Adell never sent a black face image and never made comments that he was Bloomer's "massa". The meme did have pimp and hoe imagery, but Adell only texted Bloomer the meme, whereas the petition implies that Adell created and/or condoned it. To show the letter and petition to the jury would be needlessly confusing and overly prejudicial to Defendants.

Accordingly, Defendants respectfully request the Court grant its motion *in limine* to preclude inadmissible articles.

Respectfully submitted,

**BODMAN PLC**

*/s/ John T. Below*
John T. Below (P48677)
Amanda McSween Empey (P84594)
201 W. Big Beaver Road, Ste. 500
Troy, MI 48084
Telephone: (248) 743-6000
Facsimile: (248) 743-6002
Email: jbelow@bodmanlaw.com
Email: aempey@bodmanlaw.com

*Attorneys for Defendants*

Dated: September 15, 2026

motion for summary judgment stage, the judge is placed in the difficult position of attempting to predict what a reasonable jury may or may not do, and the articles were potentially relevant to that assessment because it provided her with an outside point of view. Whereas the jury are empaneled to make that determination for themselves based only upon admissible evidence governed by the Federal Rules of Evidence.

**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2026, the foregoing document and this Certificate of Service were e-filed using the ECF system which will send notification of such filing to the attorneys of record via the Court's e-file system.

*/s/ John T. Below*
JOHN T. BELOW (P48677)